PEOPLE *ex rel.* HOGAN *v.* FRENCH *et al.*, Police Commissioners.

(*Supreme Court, General Term, First Department.* November 7, 1889.)

MUNICIPAL CORPORATIONS—DISCHARGE OF POLICEMAN—DISCRETION OF COMMISSIONERS.
　　Where it is admitted that a member of the police force has been intoxicated, it is solely within the judgment of the police commissioners whether the excuse offered is such as to relieve him from the penalty of dismissal. BARRETT, J., dissenting.

*Certiorari* to review the action of the police commissioners in discharging the relator, Matthew Hogan, from the force.

Argued before VAN BRUNT, P. J., and DANIELS and BARRETT, JJ.

*John M. Tierney,* for relator. *William H. Clark,* Corp. Counsel, (*W. L. Turner,* of counsel,) for respondents.

VAN BRUNT, P. J. Although we are of the opinion that there is no evidence contained in the record before us which in the slightest degree justifies the terribly severe punishment inflicted upon the relator, yet, under the rules laid down by the court of appeals in the case of *People* v. *French,* 110 N. Y. 494, 18 N. E. Rep. 133, we have no power whatever to redress the wrong. The relator was concededly intoxicated, and whether an excuse was offered which relieved the relator from the effects of the fact seems to have been, under the rule above stated, a matter solely within the judgment of the police commissioners. That the excuse presented was one which should have relieved the relator, a man who had been upon the force for 16 years, and who is spoken of by his superior officer as a first-class man, and who had during all these years an excellent record, from the severe punishment inflicted upon him, cannot be questioned. The evidence in this case shows that the occurrence which led to the relator's removal occurred during the strike upon the railroads; that he had been riding on the cars for five days to protect them from the strikers; that on the day in question he had eaten nothing; that about 3 o'clock he complained of being sick, when the sergeant took him off the car at 3:30 on account of his sickness; that the sergeant advised him to report sick. But the relator replied that, in view of the trouble, it would look mean on his part to do so. The sergeant says that at 4:30 he saw the relator, and he was perfectly sober. The relator, feeling badly, then took a drink of brandy and peppermint, and it intoxicated him. The evidence further shows that the relator had not taken a drink of liquor before in 16 years, and upon this state of facts the severest punishment possible was meted out to him, and he was, for this offense, clearly excusable under the circumstances, dismissed from the force.

Notwithstanding the manifest injustice which has been done we do not see any way in which we can afford any relief.    The writ must be dismissed, without costs.

DANIELS, J., concurs.

BARRETT, J., (*dissenting.*)    I cannot think that this case comes within the general rule laid down for our guidance in *People* v. *French,* 110 N. Y. 494, 18 N. E. Rep. 133.    It is an extreme case of misfortune, but not, as I humbly conceive, of guilt.    Hogan frankly acknowledged that he was intoxicated, but intoxication is not necessarily, and under all circumstances, guilty.    The surroundings may always be considered.    We cannot, it is true, under the authority referred to, review the excuse given for a guilty act, but we may look at the attendant circumstances to ascertain whether the act was in fact guilt. Here the charge was conduct unbecoming an officer, in that the patrolman was so much intoxicated as to be unfit for duty.    Would such a charge be established by proof that a brave and faithful officer, fainting under injuries received in the performance of his duty, had been given a stimulant by a physician, or even by a lay passer-by, and that he had been affected thereby?    Would the intoxication thus caused be deemed conduct unbecoming an officer, and would the medical or samaritan incident be treated as a mere excuse to palliate proved guilt?    It seems to me not.    The officer's condition would, of course, be *prima facie* evidence that it was produced by a guilty act.    But surely a man may possibly come under the influence of liquor by an innocent act.    In the present case the uncontradicted testimony pointed conclusively to Hogan's innocence—not as to the effect, but as to the cause.    He had no appetite for liquor.    The drink in question was not even a passing indulgence. It was resorted to to sustain nature, and to enable this sick, famished, and worn-out officer to continue the struggle which even his sergeant had humanely relieved him from.    Where he procured the stimulant, whether it was at an apothecary's or at a dram-shop, does not appear.    It was certainly, however, but a single glass, and it affected him almost immediately.    The determination that this isolated act of physical need was conduct unbecoming an officer, and should be punished by his practical destruction, ought not, in my judgment, to be sustained.    It was an unjust, ruthless, and cruel sentence; just such a sentence as subdivision 5, § 2140, Code Civil Proc., was designed to give us authority to remedy.    The proceedings of the commissioners should be reversed, and the relator reinstated.